

O'Melveny & Myers LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067-6035

T: +1 310 553 6700
F: +1 310 246 6779
omm.com

December 19, 2019

Matt Kline
D: +1 310 246 6840
mkline@omm.com

**VIA ECF**

The Honorable Vernon S. Broderick
United States District Judge
Thurgood Marshal United States Courthouse
40 Foley Square, Room 415
New York, New York  10007

**Re:    Powermat Technologies, Ltd. v. Belkin Int'l Inc., Case No. 1:19-cv-878-VSB**

Dear Judge Broderick:

    We represent Belkin in the above-referenced matter.  In accordance with Your Honor's instructions during the December 3, 2019 telephone conference, the parties have conferred regarding the discovery schedule and hereby jointly request that Your Honor resolve the parties' disagreement regarding the production of Belkin's sales data and otherwise extend all deadlines in the current case management plan (Dkt. No. 62) by 90 days such that the new schedule provides as follows (proposed scheduling order attached):

- All fact discovery shall be completed by April 13, 2020
    - **Belkin's Proposal**: [*with the exception, if need be, of document discovery and deposition testimony concerning Belkin's unit sales data.*];
    - **Powermat's proposal**: [*Should the Court (1) grant Powermat's Motion for Judgment on the pleadings regarding the inapplicability of the limitation of liability provision to patent royalties (Dkt. No. 47 at 2-8), (2) deny Belkin's cross-motion regarding the same (Dkt. No. 43, 44 at 19-23); (3) or choose not to rule on Belkin's cross motion by March 1, 2020, Belkin shall produce document discovery and testimony concerning Belkin's sales data no later than 45 days before the end of the fact-discovery deadline and produce a witness to testify on Belkin's behalf about such data no later than 30 days before the end of fact discovery.*]

- All expert discovery shall be completed in accordance with the following schedule:
    - **Belkin's Proposal**: [*with the exception, if need be, of testimony concerning Belkin's unit sales data.*]
    a.   expert disclosures by April 20, 2020;
    b.   expert reports by May 4, 2020;

- c. rebuttal expert reports by June 5, 2020; and
- d. expert depositions by June 22, 2020.
- Any motions concerning the adequacy of expert discovery shall be filed by July 7, 2020.
- The post-discovery conference will be held on or about May 7, 2020, if necessary.

The parties have conferred about, but have been unable to reach agreement on, a deadline for Belkin to produce its unit sales data and projections, which was the subject of the December 3, 2019 call with Your Honor and the joint November 22, 2019 letter that led to the call. The parties have briefly restated their competing positions on that issue below.[1]

### BELKIN'S STATEMENT

As described in Belkin's portion of the parties' November 22 letter and by Belkin during the December 3 call with the Court, there was no need for Powermat to burden the Court with this unit-sales-data issue because Belkin already agreed to produce the data if Belkin's cross-motion for judgment on the pleadings on the limitation-of-liability issue is denied. (Dkt. Nos. 44, 49 (Belkin's motion).) Belkin not only agreed to produce the sales data if its motion is denied, but also to provide deposition testimony, if necessary, to assess this data.

Belkin accounts for this issue with the following text in the proposed schedule above: "All fact discovery shall be completed by April 13, 2020 (*with the exception, if need be, of document discovery and deposition testimony concerning Belkin's unit sales data*)"; "All expert discovery shall be completed in accordance with the following schedule (*with the exception, if need be, of testimony concerning Belkin's unit sales data*)." (Italics added.) Powermat would strike that italicized language and demand that this data be produced "immediately" or some artificial number of days before the April 13 fact discovery cut-off.

As discussed on the December 3 call, there is no reason or need to grant Powermat's request. Calculating Powermat's asserted potential damages is a matter of simple arithmetic and does not require detailed discovery. Moreover, Powermat will suffer no prejudice under Belkin's proposed schedule, as Belkin has affirmed that Powermat will get the discovery it requires—that is, assuming, it prevails (and it should not) on Belkin's pending limitation-of-liability motion.

### POWERMAT'S STATEMENT

As outlined in the parties' joint letter to the Court dated November 22, 2019, *see* Dkt. No. 65, Powermat asked the Court to order Belkin to produce its unit sales data needed to calculate the unpaid royalties in this case. On December 3, the Court held a telephonic conference on that joint letter, during which the Court directed the parties to meet and confer on an extension of the discovery schedule and further indicated that the parties could "build into that the issue

---

[1] The parties also have a number of other discovery disputes they continue to work to resolve. Motion practice might become necessary on a few items. As noted on the December 3 call, Belkin will also move to amend its answer and counterclaims. We will keep the Court apprised of such developments.

O'Melveny

relating to the sales data that is in dispute." *See* Tr. of In-Chamber Teleconf. at 9:17-18 (Dec. 3, 2019).

Consistent with the Court's guidance, Powermat has agreed to extend the fact discovery schedule by 90 days and includes a deadline for the production of Belkin's sales data in the likely event that the Court denies or chooses not to rule on Belkin's cross motion. Yet Belkin continues not to commit to producing it by a date certain, maintaining that it need not produce the data unless and until this Court denies Belkin's pending cross-motion for partial judgment on the pleadings. Powermat disagrees with Belkin's position as outlined in its part of the parties' joint letter. *See* Dkt. No. 65 at 2-4.  Belkin's proposal is not workable and, if adopted, will only serve to further delay the already-extended case schedule. Thus, Powermat respectfully requests that the Court require Belkin to produce such data no later than 45 days before the end of the fact-discovery deadline (as extended) and to produce a witness to testify on Belkin's behalf about such data no later than 30 days before the end of fact discovery.

*     *     *

We are available at the Court's convenience if another call to discuss these issues would be helpful.

Respectfully submitted,

*/s/ Matt Kline*
*of* O'MELVENY & MYERS LLP

cc:   Counsel of Record (via ECF)