IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| POWERMAT TECHNOLOGIES, LTD., <br><br> Plaintiff, <br><br> v. <br><br> BELKIN INTERNATIONAL, INC., <br><br> Defendant. | Case No. 1:19-cv-878-VSB |

**PLAINTIFF POWERMAT TECHNOLOGIES, LTD.'S ANSWER TO DEFENDANT'S AMENDED COUNTERCLAIMS**

Plaintiff Powermat Technologies, Ltd. respectfully submits this Answer to Defendant Belkin International Inc.'s Amended Counterclaims.[1]

63. Powermat admits that Belkin is a manufacturer of consumer electronics accessories, including wireless charging devices for smartphones or tablets. Powermat admits that it entered into a License Agreement with Belkin in November 2015. Powermat denies the remaining allegations of this paragraph, including Belkin's characterization of the scope of the License Agreement.

64. Powermat denies the allegations in paragraph 64.

65. Powermat admits that Belkin has quoted portions of documents and produced in this case. Powermat denies the remaining allegations in this paragraph, including Belkin's characterization of the referenced documents and testimony.

---

[1] This pleading answers Belkin's Proposed Amended Answer and Counterclaims (Dkt. 72-1), which Belkin filed on December 20, 2019, in conjunction with its Motion for Leave to File Amended Answer and Counterclaims (Dkt. 72). The Court subsequently granted Belkin's Motion for Leave. This pleading should be deemed to answer Belkin's Amended Answer and Counterclaims if and when it is filed in substantially the same form as proposed.

1

66. Powermat is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and therefore denies them.

67. Powermat is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore denies them.

68. Powermat admits that the parties engaged in licensing negotiations in July 2015 and that Belkin has quoted portions of documents produced in this case. Powermat denies the remaining allegations in this paragraph.

69. Powermat denies the allegations in paragraph 69.

70. Powermat admits that on October 26, 2015, a Powermat employee sent an email answering a question directed to indemnification regarding the PMA standard, containing the text:

> Powermat provides only a license for Powermat IP required for implementing the PMA standard, and nothing more. We cannot ensure there would not be additional IP required for implementing the PMA standard. And since we are not providing a chip or device level product, but only a license to our IP, we cannot provide indemnification for your product and cannot assure that there might not be further IP licensing required for implementation of your product. Powermat provides only the ability to license the use of our patents as part of the implementation of your product for meeting the PMA standard.
>
> This is also something that our pricing takes into account.
>
> So unfortunately the changes you mentioned on indemnification are not something Powermat support for our licensing program.

Powermat denies the remaining allegations in paragraph 70.

71. Powermat denies the allegations in paragraph 71.

72. Powermat denies the allegations in paragraph 72.

73. Powermat admits that the definition of "Licensed Chipset" is contained in the License Agreement. Powermat denies the allegations in paragraph 73.

74. Powermat denies the allegations in paragraph 74.

75. Powermat admits that Belkin paid some quarterly royalties on PMA-enabled devices. Belkin has failed to pay royalties on its Qi-only products. Powermat denies the remaining allegations in paragraph 75.

76. Powermat denies the allegations in paragraph 76.

77. Powermat denies the allegations in paragraph 77.

78. Powermat admits only that it has never reported a profit. Powermat denies the remaining allegations in paragraph 78.

79. Powermat admits only that it has developed many business plans to monetize the business and its intellectual property, this includes pursuing license agreements with third parties that implements Powermat's patented technology. Powermat denies the remaining allegations in paragraph 79.

80. Powermat denies the allegations in paragraph 80.

81. Powermat admits that it had discussions with IDT concerning the scope of their agreement and that those discussions ended in a resolution. Powermat denies the remaining allegations in paragraph 81.

82. Paragraph 82 contains legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Powermat denies the allegations in paragraph 82.

83. Paragraph 83 contains legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Powermat denies the allegations in paragraph 83.

84. Powermat admits only that the final version of the License agreement (signed and agreed to by Belkin) contains red lines, a draft header, and a pagination error. Powermat denies the remaining allegations in paragraph 84.

85. Paragraph 85 contains legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Powermat denies the allegations in paragraph 85.

### First Cause of Action (Reformation)

86. Powermat repeats its responses to paragraph 63 to 85 of the Amended Counterclaims.

87. Admitted.

88. Powermat denies the allegations in paragraph 88.

89. Powermat denies the allegations in paragraph 89.

90. Powermat denies the allegations in paragraph 90.

### Second Cause of Action (Breach of Implied Covenant of Good Faith and Fair Dealing)

91. Powermat repeats its responses to paragraphs 63 to 90 of the Amended Counterclaims.

92. Paragraph 92 contains legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Powermat denies the allegations in paragraph 92.

93. Powermat denies the allegations in paragraph 93.

### AFFIRMATIVE DEFENSES

Powermat asserts the following affirmative defenses to the Amended Counterclaims. Powermat reserves the right to amend its defenses, including by asserting additional defenses that become known through discovery or otherwise.

### First Affirmative Defense (Failure to State a Claim)

94. Belkin's Amended Counterclaims do not sufficiently plead a claim for reformation.

95. The facts as alleged are insufficient as a matter of law to state a claim for reformation.

96. The License Agreement contains statements to the effect that the parties have "had adequate opportunity to review and negotiate the terms of this Agreement and to seek the advice of counsel about its rights and duties under this Agreement" and that the Agreement represents the parties' entire agreement, superseding any previous written or oral statements. Belkin does not plead how its claim of mutual mistake overcomes the plain language and representations of the Agreement.

**Second Affirmative Defense (Prior Material Breach and/or Failure of Consideration)**

97. Belkin's Counterclaims are barred by Belkin's prior material breach of the Agreement. Belkin breached the Agreement as alleged in Powermat's Original Complaint, Dkt. No. 1, which Powermat incorporates by reference, and repeats and re-alleges in full here. Belkin's breach was material and constituted a failure or refusal to perform essential aspects of the Agreement. Belkin's prior breach bars any recovery by Belkin under the Agreement.

**Third Affirmative Defense (Anticipatory Repudiation)**

98. Starting in or around March 2017, Belkin expressly refused to pay royalties under the Agreement on Qi-enabled wireless charging devices. Belkin then purported to unilaterally "terminate" the Agreement in or around November 2017. These refusals, and the purported termination, constituted express, clear, positive, and unequivocal refusals to perform, and/or an implied repudiation of Belkin's duties to perform, before full performance by Belkin was due under the Agreement. Belkin's anticipatory repudiation bars any recovery by Belkin under the Agreement.

### Fourth Affirmative Defense (Ratification)

99. To the extent Belkin's Amended Counterclaims seek to reform, unwind, or otherwise modify the License Agreement, such counterclaims are barred by the doctrine of ratification because Belkin's conduct and statements before entering into the License Agreement and during the License Agreement's term ratified the License Agreement's plain language and unambiguous terms.

### Fifth Affirmative Defense (Unclean Hands, Waiver, Estoppel, and Acquiescence)

100. Belkin's Amended Counterclaims are barred by the doctrines of unclean hands, waiver, estoppel, or acquiescence because of Belkin's conduct and statements before entering into the License Agreement and during the License Agreement's term.

### **PRAYER**

WHEREFORE, Powermat requests the court enter judgment in its favor and grant the following relief in addition to the relief requested in Powermat's Complaint:

    a. Order that Belkin take nothing by its counterclaims;

    b. Declare that reformation of the Agreement as requested by Belkin is not proper;

    c. Declare that Powermat has not breached the covenant of good faith and fair dealing;

    d. Deny Belkin its reasonable attorney's fees, expenses and costs;

    e. Grant Powermat its costs and fees incurred in defending against Belkin's

    f. Counterclaims; and

    g. Grant Powermat any other and further relief the Court deems just and proper.

April 23, 2020								Respectfully submitted,

										*/s/ Nicholas Mathews*
										Kenneth H. Frenchman
										kfrenchman@mckoolsmith.com
										**McKool Smith, PC**
										One Manhattan West, 50th Floor
										New York, NY 10001
										T: 212.402.9400
										F: 212.402.9444

										Mike McKool (admitted *PHV*)
										TX State Bar No. 13732100
										mmckool@mckoolsmith.com
										Nicholas Mathews (admitted *PHV*)
										TX State Bar No. 24085457
										nmathews@mckoolsmith.com
										Erik Fountain (admitted *PHV*)
										TX State Bar No. 24097701
										efountain@mckoolsmith.com
										**McKool Smith, PC**
										300 Crescent Court, Suite 1500
										Dallas, TX 75201
										T: 214.978.4000
										F: 214.978.4044

										**ATTORNEYS FOR PLAINTIFF POWERMAT TECHNOLOGIES, LTD.**

7

**CERTIFICATE OF SERVICE**

I certify that on April 23, 2020, I filed this document via the CM/ECF system in the United States District Court for the Southern District of New York, thus causing this document to be served on all parties registered for CM/ECF in the above-captioned matter.

*/s/ Nicholas Mathews*
Nicholas Mathews